# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.  08-CV-1256 |
| Wildwood Industries, Inc., ) ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on the EEOC's motion to reconsider this Court's order staying the case pending the conclusion of bankruptcy proceedings against Defendant.  For the reasons below, the Court recommends that the motion be granted and the stay lifted.

## Background

The EEOC filed this lawsuit in September, 2008, alleging that Defendant had discriminated against a former employee by firing her on

the basis of her pregnancy. (First Amended Complaint, d/e 9).[1] The First Amended Complaint seeks an injunction prohibiting Defendant "from engaging in discrimination on the basis of sex or pregnancy" and an order requiring Defendant to institute practices to provide equal opportunities and redress past unlawful employment practices. (First Amended Complaint, d/e 9, p.3, ¶¶ A-B). The EEOC also seeks back pay and compensatory and punitive damages. Id. ¶¶ C-F.

A scheduling order was entered on December 2, 2008, setting deadlines and dates for the final pretrial and trial. (12/2/08 text order). On March 9, 2009, Defendant filed a suggestion of bankruptcy (d/e 20), which showed that a petition for involuntary bankruptcy had been filed against it in the Bankruptcy Court for the Central District of Illinois. This Court then stayed this case, pending the conclusion of the bankruptcy proceedings. (3/11/09 text order).

## Analysis

Plaintiff moves to reconsider the stay, arguing that EEOC enforcement actions "are exempt from the automatic stay provisions of the

---

[1]The case was initially transferred to the Northern District because Plaintiff alleged that the events occurred in the Northern District, but then was transferred back to the Central District when Plaintiff corrected its Complaint. The Amended Complaint alleges that the events occurred in the Central District of Illinois.

Bankruptcy Code, 11 U.S.C. § 362, because § 362(b)(4) exempts 'an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.'" (d/e 21, ¶ 3).

Defendant counters that § 362(b)(4) "is narrowly construed to the enforcement of regulatory laws affecting health, welfare, morals and safety but not to regulatory laws that 'directly conflict with the control of the *res* or property by the bankruptcy court.'" (d/e 22, ¶ 6, *citing* In re Cash Currency Exchange, Inc., 762 F.2d 542, 555 (7th Cir. 1985))(quoted cite omitted). Defendant asserts that this case necessarily conflicts with the bankruptcy court's control over Defendant's property, since Plaintiff primarily seeks money, not injunctive relief. Defendant characterizes the EEOC's request for injunctive relief as illusory, contending that the EEOC seeks only to have Defendant follow the law, which it already must do.  According to Defendant, Plaintiff should file for relief from the stay in the bankruptcy court, not this Court.

11 U.S.C. § 362(b)(4) provides in relevant part that the automatic stay does not apply to:

> the commencement or continuation of an action or proceeding
> by a governmental unit . . . to enforce such governmental unit's
> or organization's police and regulatory power, including the
> enforcement of a judgment other than a money judgment,

obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

The Court agrees with the EEOC that this action falls within § 362(b)(4)'s exception to the automatic stay.  Plaintiff does not argue that the EEOC is not exercising its police or regulatory powers, nor does the Court believe a tenable argument exists.  The EEOC seeks to enforce its power to prevent and redress gender and pregnancy discrimination, actions which courts have recognized fall within § 362(b)(4)'s exception. *See* EEOC v. McLean Trucking Co., 834 F.2d 398, 401-03 (4th Cir. 1987)(EEOC action to enter judgment for back pay fell within § 362(b)(4) exception); EEOC v. Rath Packing Co., 787 F.2d 318, 325 (8th Cir. 1986)(same)("when the EEOC sues to enforce Title VII it seeks to stop a harm to the public-invidious employment discrimination . . . ."); EEOC v. Hall's Motor Transit Co., 789 F.2d 1011 (3d Cir. 1986)(agreeing with Eighth Circuit that EEOC proceedings were excepted from stay under §362(b)(4)); In re Pincombe, 256 B.R. 774, 781 (Bankr. N.D. Ill. 2000)(actions by Illinois Department of Human Rights regarding charge of employment discrimination were actions within § 362(b)(4)'s governmental regulatory

power)(*citing* EEOC v. Rath Packing Co., *supra*, and NLRB v. P*I*E Nationwide, Inc., *infra*).

The EEOC does not cite a Seventh Circuit Court of Appeals case specifically involving the EEOC's pursuit of a Title VII action against a debtor, nor did the Court find one.  However, the EEOC does cite a Seventh Circuit case that is analogous and persuasive here.  In NLRB v. P*I*E Nationwide, Inc., 923 F.3d 506, 512 (7th Cir. 1991), the NLRB sought to enforce an NLRB order against a debtor employer relating to an employee's discharge and an award of back pay.  The Seventh Circuit held that the NLRB was a governmental unit enforcing its police or regulatory power because the Board was empowered "'to prevent any person from engaging in any unfair labor practice . . . affecting commerce' . . . ."  NLRB v. P*I*E, 923 F.2d at 512 (*citing in support*  EEOC v. McLean Trucking Co. and EEOC v. Rath Packing Co., *supra*).  Here, similar to the NLRB, the EEOC is empowered "to prevent any person from engaging in unlawful employment practice."  42 U.S.C. § 2000e-5(a).  The Court thus concludes, based on P*I*E, the other cases cited above, and the plain language of § 362(b)(4) that this case falls within § 362(b)(4)'s exception to the automatic stay.

That the EEOC seeks money damages does not change this conclusion. The EEOC's pursuit of money damages based on an employer's unlawful practices is still an action to enforce its regulatory powers. *See* Commonwealth Companies, Inc. v. Commonwealth Companies, Inc., 913 F.2d 518, 522 (8th Cir. 1990)(§ 362(b)(4) applies to actions for money damages as well as to actions for injunctive relief)(*citing* S.Rep. No. 989, 95th Cong., 2d Sess. 52—"[W]here a governmental unit is suing a debtor to prevent or stop violation of . . . similar police or regulatory laws, or attempting to fix damages for the violation of such a law, the action or proceeding is not stayed . . . ."); *see also* NLRB v. P*I*E, 923 F.2d at 519 (entering, but not enforcing, money judgment against debtor employer); EEOC v. Rath Packing Co., 787 F.2d at 326 (EEOC lawsuit, judgment of back pay against debtor employer affirmed, but not district court's actions that went beyond money judgment); EEOC v. McLean Trucking Co., 834 F.2d at 399 (EEOC's lawsuits seeking injunction, back pay and damages not subject to automatic stay).

Obtaining a money judgment will not control the property of the bankruptcy estate. Only the *enforcement* of that judgment would interfere with the bankruptcy estate. NLRB v. P*I*E, 923 F.2d at 512 (NLRB's

attempt to reduce back pay claim to judgment did not amount to enforcing judgment); In re Pincombe, 256 B.R. 774, 781 ("If an action falls within the scope of the exception, § 362(b)(4) permits entry of a money judgment, so long as the proceedings do not go beyond that point.")(citation omitted). The EEOC does not dispute that a judgment it receives in this case "would be satisfied solely pursuant to the bankruptcy plan approved by the bankruptcy court." (d/e 23, p. 2). In short, the Court does not see how proceeding to judgment in this case will interfere with the distribution and priority of claims against the bankruptcy estate.

The case cited by Defendant, In re Cash Currency Exchange, 762 F.2d 542, 555 (7th Cir. 1985), does not suggest otherwise. That case involved "liquidation provisions of the Community Currency Exchange Act [which are] designed to protect the rights of creditors." The Seventh Circuit found that those liquidation procedures interfered with the bankruptcy court's control over the debtor's property because the procedures "vest[ed] control of the debtors' property in the receiver, . . . ." Id. Here, a judgment entered in favor of the EEOC will not affect the bankruptcy court's control of the property. The EEOC will still have to go to the bankruptcy court to collect a money judgment. Additionally, the Court sees no reason why the

EEOC should be required to apply to the bankruptcy court for relief from the stay, rather than asking this Court for relief.  See In re Pincombe, 256 B.R. at 781 (§362(b)(4) "takes effect immediately", meaning government agency does not need to move for relief from a stay).

WHEREFORE, the Court RECOMMENDS that Plaintiff's motion for reconsideration be granted (d/e 21) and the stay in this case be lifted.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    May 11, 2009

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE