## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-cv-1256 |
| v. ) | |
| ) | |
| WILDWOOD INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on the parties' October 6, 2009 Joint Motion for Entry of Consent Decree, to which their proposed Consent Decree is attached as an exhibit. (Doc. 30). In its First Amended Complaint, the Equal Employment Opportunity Commission ("EEOC") alleged that Defendant violated Title VII by terminating Jania Lattimore's employment because she was pregnant. (Doc. 9). The EEOC sought a permanent injunction prohibiting Defendant from discriminating on the basis of pregnancy or sex; an order to Defendant to eradicate the effects of its past and present unlawful employment practices; awards of backpay, damages for pecuniary and nonpecuniary losses, and punitive damages to Ms. Lattimore; and an award of costs to the EEOC. (Doc. 9).

The parties represent that they have reached an agreement in settlement of this dispute, and they now submit a proposed consent decree for this Court's approval; this agreement fully resolves the matter. (Doc. 30). The parties have agreed to injunctions against sex discrimination and retaliation on the part of

Wildwood, its officers, agents, employees, successors, assigns, and all persons acting in concert with them (hereinafter collectively referred to as "Wildwood"). The proposed Consent Decree also provides for a monetary judgment of $200,000 in favor of Ms. Lattimore. Defendant is no longer conducting its business operations, but in the event that Defendant re-starts its business operations, the parties have agreed that, for a period of three years from the Consent Decree's date, Wildwood will post a Notice of this litigation and settlement, will keep records of each person who complains of pregnancy discrimination at Wildwood, and will verify its compliance with the Notice and record-keeping in semi-annual written reports to the EEOC. In addition, the parties have agreed that if Wildwood resumes its business operations, it will provide EEOC-approved training to its employees relating to sex and pregnancy discrimination. Finally, they propose that each party will bear its own costs, and that the Consent Decree will remain in effect, with the Court retaining jurisdiction, for three years from the date of the Consent Decree.

Because Defendant is in bankruptcy, the parties obtained the approval of Bankruptcy Judge Mary P. Gorman to settle this matter. They agree that, because of the bankruptcy, the proposed monetary judgment of $200,000 in favor of Ms. Lattimore is a general unsecured claim against the bankruptcy estate, the EEOC will not attempt to collect the judgment except to file proof of the claim with the Bankruptcy Court, and the judgment will be fully satisfied by any distribution provided for in the confirmed bankruptcy reorganization plan.

"'[T]he District's Court's authority to adopt a consent decree comes only from the statute which the decree is intended to enforce,' not from the parties' consent to

the decree." Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 576 fn. 9 (1984) (quoting Railway Employees v. Wright, 364 U.S. 642, 651 (1961)). Therefore, the contents of the decree must comport with the terms of Title VII. A consent decree entered into by the EEOC, the federal agency charged with the enforcement of Title VII, is entitled to a presumption of validity. U.S. v. City of Miami, Fla., 614 F.2d 1322, 1330-33 (5th Cir. 1980). This is because the EEOC is not subject to the same pecuniary conflicts that private plaintiffs' attorneys may feel, and it will have considered the interests of all affected. Id. "The district court may not deny approval of a consent decree unless it is unfair, unreasonable or inadequate." E.E.O.C. v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir. 1985). The Court has considered the terms of the proposed Consent Decree, and finds that it is fair, reasonable, and adequate, and that it complies with Title VII.

IT IS THEREFORE ORDERED:

1.    The parties' Joint Motion for Entry of Consent Decree (Doc. 30) is GRANTED.

2.    The proposed Consent Decree is APPROVED by the Court.

3.    The Consent Decree's terms are INCORPORATED into this Order as if fully set forth herein.

4.    The Consent Decree SHALL be entered by the Clerk of the Court concurrently with this Order.

5.    The parties SHALL comply with the terms of the Consent Decree.

6.  The Court RETAINS jurisdiction in order to enforce the Consent Decree during its term, though the matter is finally resolved by the Consent Decree. <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375 (1994).

CASE TERMINATED.

Entered this <u>27th</u> day of October, 2009

                                                s/ Joe B. McDade
                                               JOE BILLY McDADE
                                        United States District Judge